SCHRAMME v. LEWINSON et al.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

ABATEMENT AND REVIVAL—DEATH OF PARTY PENDING APPEAL—REVIVAL.

Under Code Civ. Proc. § 764, providing that, after verdict or decision, an action for personal injuries does not abate by the death of a party, the administratrix of plaintiff in a personal injury action dying pending an appeal from a judgment on a directed verdict for defendant, rendered after the setting aside of a verdict for plaintiff, may be substituted as plaintiff, and if, on the appeal, the action of the trial judge is reversed, the original verdict for plaintiff must be reinstated.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Abatement and Revival, §§ 335–348.]

Appeal from Special Term, Queens County.

Action by Frederick Schramme against Maximilian Lewinson and another, in which Kate Schramme, administratrix of Frederick

Schramme, deceased, sought to be substituted as plaintiff, on the death of plaintiff pending an appeal. From an order denying the substitution, the administratrix appeals. Reversed.

Argued before WOODWARD, JENKS, RICH, MILLER, and GAYNOR, JJ.

Lehman & Telsey, for appellant.

William L. O'Brion, for respondents.

WOODWARD, J. This action was brought to recover damages for personal injuries claimed to have been sustained by the plaintiff by reason of the alleged negligence of the defendants. The action was tried before a jury, and resulted in a verdict in favor of the plaintiff in the sum of $11,000. After the rendition of the verdict the court, at the request of the attorneys for the defendants, set aside the verdict and directed a verdict in favor of the defendants and against the plaintiff, and the jury, in accordance with such direction, then rendered a verdict for the defendants. From the judgment entered on this last verdict the plaintiff appealed. While said appeal was pending, and before it had been brought on for a hearing, the plaintiff died. Thereafter his widow was duly appointed administratrix, and as such seeks to be substituted as plaintiff in the action. From an order denying a motion to make such substitution this appeal is taken.

While the procedure leading up to the appeal in the original action is somewhat complicated by the court having set aside the original verdict and then directed the jury to render a contrary one, yet we feel that the facts bring the case fully within the spirit of the rule laid down in Wood v. Phillips, 11 Abb. Prac. (N. S.) 1. The object of section 764 of the Code of Civil Procedure evidently was to preserve any rights represented in a verdict which would have abated had the death of the party occurred prior to its rendition. If on the appeal in the main case this court should reverse the action of the trial judge, then we think that as matter of course the verdict originally rendered in behalf of the plaintiff will be reinstated.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted. All concur.